Johnson, Chief Judge.
August 27, 1868, the administrator filed his first account, aud among his credits claimed,, was the following:
“ The administrator asks for a credit for the annexed sums-which were advanced by decedent to his heirs, and on which, no interest was to be charged, and which were mentioned-in inventory:
Thomas Stayner’s 3 notes and aec’t..............$1,368 00
Jacob Ream’s 2 notes................................. 500 00
David Bower’s 2 notes............................... 779 14
Aggregate................................$2,647 14
October 17, 1868, the widow, excepted to the allowance-of these items.
December 1, 1868, these exceptions were heard and sustained, in part, by the probate court, and the matter was appealed to the coiu-t of common pleas, by the administrator.
March 15, 1869, the account was heard in the common *485 -pleas, upon the exceptions to these and other items. The ■question there was: were these seven notes, mere advancements to the children, or were they assets of the estate? ■On that question the court of common pleas specially found, :as follows:
“This day came Thomas Stayner, administrator of William Stayner, deceased, by Messrs. Berry & Berry, his attorneys, and also came Lucia M. Stayner, widow of the ■said William Stayner, deceased, by Messrs. J. D. & C. Sears, her attorneys, and this cause came on for hearing upon the accounts of the said administrator, the exceptions ■thereto, and the testimony, and" was argued by counsel. And the court, upon examination of the several items ■of the said accounts, and the vouchers accompanying the same, as well as the several exceptions thereto, upon consideration of the same, the testimony adduced as well as •the arguments of counsel, do find that the said administrator in addition to the sum of $2,264.22 with which he charged himself in said account, ought to be charged with the •several notes, seven in number, for the principal of which he claims credit in his account as advancements by the intestate in his life time to the said Thomas Stayner, Maria Ream, and Mrs. “ Jacob ” Bower, amounting to the sum of ‘$2,647.14, together with the interest thereon from their maturity up to the 25th of January, a. d. 1867, the date of the letters of administration. The court finding as a matter of fact, that the notes were given in consideration of corresponding amounts of money, received by the makers of the notes, of the intestate, at the time of the execution and delivery of the notes by the several makers of said notes; and ■as a conclusion of law, the court holds that it is incompetent for the makers of the notes thus delivered to and held by the intestate, at the time of his decease, to aver and prove by parol testimony, that such notes were nbt, in fact, ■what they legally import to be — evidences of indebtedness —but were memorandums of advancements, unless fraud, or mistake be alleged and proved, which does not appear in this particular. . . ■. .
*486 “ Thereupon the court further find that the said administrator, ought to be surcharged- with the said several amounts aforesaid, including the improper credits, for the-amount of the principal of said notes alleged to have been advancements.....
“ Thereupon, the court made an order, charging the administrator with these items, and rendered a judgment for a stated balance, with a maudate to the probate court in the usual form. From this judgment the administrator-prosecuted a petition in error in the district court, which was dismissed, without prejudice, at the September term of said court, a. d. 1869, for’want of a complete i-ecord, showing the existence of any errors as assigned in the exception. No further proceedings seem to have been taken to reverse-this judgment, nor was any direct proceeding instituted to-vacate or modify it.
Subsequently, January 26, 1870, the second partial account was filed; and on the 18th of August, 1870, the third and final account was filed. In the second account,, the administrator again includes the several items excepted to, and ruled out, in the first account as a credit, in these-words: “ Accountant claims credit for the amount of seven promissory notes with which he was erroneously charged by said common pleas in his first account, and which said notes can not be collected, and the amount thereof never-having been received by him,- $2,197.22.” ■
Exceptions to these items were again filed, by the widow,, on the ground of their former adjudication. Whereupon counsel for the administrator moved the probate court to-.open up the former order of the court of common pleas,, charging him with these items, which the probate court refused to do, and held that the former adjudication was-final and conclusive.
The case was again appealed, after sundry proceedings, not necessary to state, to the common pleas, where it was-heard upon the evidence, and a bill of exceptions taken. On the hearing, in the common pleas, the administrator-sought, by various efforts, to go back of the settlement of *487 the first account, and show that these contested items were illegal and unjust charges against him, not by impeaching the former adjudication, on the first account, in any way, but by evidence tending to show that the exceptions, sustained to his first account, should not have been allowed, on the ground that these so-called notes were only memoranda of advancements; all of which was refused. ITe also moved the court, during the progress of the trial, to open up the former order of the common pleas, made on the first account of advancements, and rehear the question, which motion was overruled. To all of which exceptions were taken.
On error to the district court, to reverse this second judgment of the common pleas, affirming the action of the probate court, the case was reserved for decision here.
The sole question presented is, as to the effect of the judgments of the probate court and court of common pleas, as to these disputed items, made on the hearing of the first account, on the 15th of March, 1869. On behalf of the administator it is claimed, that the decision was not final; that the orders made by a probate court, or court of common pleas, on appeal, in the settlement of partial accounts, are in the nature of interlocutory decrees in chancery; and that, on final settlement of the estate, all former accounts are subject to be opened up, for the correction of any errors or mistakes of the court, as well as of others, in previous accounts.
On the contrary, it is claimed, that under section 169 of the administration act (1 S. & O. 599), a hearing between the parties, on exception to such partial account, and on adjudication thereon, is final as to all items in dispute, and can not again be relitigated, in a subsequent account, by either of the same parties.
That section provides that: “When the account is settled, in the absence of any person adversely interested, and without actual notice to him, the account may be opened, on his filing exceptions to the account, at any time within eight months thereafter; and, upon every, settlement of an *488 account by an executor or administrator, all his former accounts may be so far opened as to correct any mistake or error therein ; excepting that any matter of dispute between two parties, which had been previously heard and determined by the court, shall not again be brought in question, by either of the same parties, without leave of the court.”
It would seem, that the words of this section leave nothing for construction, so far as they are applicable to the case at bar. The “ matter in dispute” was heard upon exception to the first account, and finally passed upon by the probate court, and again by the common pleas, on appeal. The “parties ” to that dispute were the administrator and the exceptor, who was the widow. The “matters in dispute” were the items excepted to. These matters wTere heard and determined, as between these parties, and could not again be brought in question by either of them without leave of the court. Such leave was not obtained, nor was there any direct proceeding to vacate or open the former judgment. Under what circumstances the court, hearing a subsequent account, might, as between the same parties, and in a proper application, open up a former order or judgment of this kind, we need not now determine.
The object of this provision of the statute was to change the former rule, which held such settlements only prima facie evidence of correctness (Bank of Muskingum v. Carpenter, 7 Ohio (pt. 1), 23, 71); and to make them final, as between the same parties, when any matter in dispute had been previously heard and determined. Such an order or judgment would not be binding on others, not parties to that dispute. As to those adversely interested, -who had no actual notice of the settlement of a former account, it may he opened up by filing exceptions in eight months; and, upon every settlement, all former accounts may be opened, so far as to correct any mistake or error therein, without regard to the lapse of time. This power to open up a former settlement, to correct errors and mistakes therein, is subject to the exception, that any matter of dis *489 pute which hacl been previously heard and determined by the court, shall not again be brought in question by either of the same parties, without leave of the court.
The “ errors and mistakes,” in a previous account, '.'-hich might be corrected on the hearing of a subsequent account, do not embrace errors and mistakes of the court on matters previously litigated, so far as the same parties aro concerned. They have had their day in court. The first account was heard and determined in the court of common picas, March 15, 1869. The matters in dispute, on that hearing, were then properly before that court. The evidence ruled out, on the subsequent hearing of the second, and final accounts, went to the merits of that issue on the first account. It was admissible on that hearing; and, for aught that appears, this evidence, so far as competent, was heard and considered by the court before rejecting these •disputed items. At all events it might have been offered, ■and, if erroneously ruled out, the judgment could have been reversed by a direct proceeding for that purpose. Public policy, as well as this statute, required that litigation should have an end. The parties to that controversy were the administrator, claiming certain credits, and the widow, objecting to their allowance. Upon a full hearing, in which all the evidence now offered was pertinent, the claims were disallowed, the account settled, and a balance found due the estate in the hands of the administrator.
Until reversed, this judgment was final as to these parties to it, unless opened up by the court rendering it.
On a hearing of the subsequent accounts, the probate •court was appealed to, to go behind this judgment of tie common pleas, so far as to correct the alleged errors of that court. Clearly, the pi’obate court could not thus disregard a judgment rendered on appeal from its decision. To do so, would defeat the right of appeal, and render nugatory the mandate of the appellate court, which it was bound to respect and obey. That court did not, therefore, err in refusing to set aside the former order of the appellate court, *490 ,nnd again rehear upon its merits the original matter in dispute.
The power of a probate court, to open up a former settlement can not receive that unlimited construction which would nullify the appellate power of the court of common pleas. Whatever may be the extent of that power over its own orders, made in the settlement of partial accounts, on ■the hearing of subsequent accounts, it is quite clear that it has n; power to open, vacate, or modify the judgments or ■orders of the court of common pleas, on appeal, in the settlement of a former account on the application of either of the parties to the original controversy ; nor as between the same parties, could it disregard, as of no effect, its own former orders, made on matters of dispute between them. Neither was it competent for the court of common pleas, on appeal from the settlement of the second and final accounts, rehear and redetermine upon its merits this original controversy which that court had heard and determined, while that judgment remained in force. As to the same parties it was res adjudicata, unless opened up by leave of the court.
During the progress of the hearing in the court of common pleas, the administrator moved the court to open the order of March 15, 1869, by which these disputed items were charged to him, and assigns for cause, therefor:
“ That said notes were given for sums advanced by the said William Stayner to his children, Thomas Stayner, Susannah Bower, and Maria Ream, and wmre not intended as promissory notes, but as memorandums of the amounts of the aforesaid advancements, and that that question was not made or heard in the said court of common picas on the hearing of said cause at that time.”
This motion was overruled and properly. The claim here made is identically the same as made in the first account, i. e. that these notes were mere memoranda of advance-mints, and not assets to be collected. The statement that that question was not made or heard in the court of common pleas, on the hearing of said cause, on the 15th of *491 Marob, 1869, is contradicted by the special findings made-' at that time, which we have copied, wherein it is expressly found, after hearing the evidence, that they were not advancements. It is true that in that case the court held, as a matter of law, after finding as a fact that those notes were given for corresponding amounts of money received, that parol evidence was not admissible to contradict the express terms of the notes themselves, and, therefore, ruled, out all parol contemporaneous evidence to vary or contradict the notes themselves. If that ruling was erroneous, a proceeding in error would have reversed it. Until reversed,, the judgment was final, and could not be impeached collaterally. That error, if it was such, did not render the judgment-void, but only voidable, and until reversed by a direct pi’oceeding for that purpose, must be conclusive, unless opened up for good cause.
The court did not err in refusing to vacate the former order, for the cause assigned, as that cause — i. e. that the question of advancements had not been considered — was-not true in fact. The administrator sought by this motion to relitigate an issue once heard and determined, and not to open up a former order for any cause for which a court would grant a rehearing. That the court of common pleas had power to open up its former order, is implied by the closing sentence of said section 169. In furtherance of justice, and on proper application, a former account might be opened up.
But for the opinion in Johnston, Ex’r v. Johnston, 26 Ohio St. 857, I should hold, that the application for that purpose, must be made under section 584 of the code. The syllabus of that case holds, that “ section 534 does not confer power on a probate court, to vacate or modify its own orders previously made in the settlement of accounts of executors and administrators.” The reason given for this-conclusion is, that said section relates not to ex parte proceedings, but to adversary actions and proceedings wherein there is a plaintiff and a defendant, and as in the settlement of an account, there are none, those provisions of the code do- *492 not apply. The reasoning of the court would seem to apply equally to the power of the court of common pleas in a like case, and that its order settling a former account could not be opened under the civil code, but must be done by some other form of proceeding. Be this as it may, no cause was •assigned for vacating the former order theretofore made, which, either under section 534 of the code, or under the statutes relating to the settlement of estates, or under the practice at common law, or in chancery, would have warranted such an action. While the power of the common pleas to open up its former order is conceded, where a valid cause exists, yet, in this instance, that court did not err, in refusing to do so, simply to re-try an issue once heard and determined. It was asked, not because of newly discovered •evidence, accident, sickness, surprise, fraud in the prevailing party, or any other cause, usually assigned for such rehearing, but simply, to have a second hearing upon the same evidence, upon the same matters in dispute.
Judgment of the common pleas affirmed, and cause remanded.